IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHRISTOPHER & JACQUELINE KRUPP, | ) ) | Case No. 12 B 35235 |
| | ) | Chapter 7 |
| Debtors. | ) | |
| _____ | ) | |
| SALVATORE CINQUEGRANI, | ) | Adversary Proceeding |
| | ) | |
| Plaintiff, | ) | No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER KRUPP & JACQUELINE KRUPP, | ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS

Plaintiff, SALVATORE CINQUEGRANI, complains of Defendants as follows:

### Jurisdiction and Venue

1. Plaintiff's cause of action rises under the Federal Bankruptcy Rules and Rules of Procedure pursuant to 11 U.S.C. § 727 and Bankruptcy Rule 4004(d) and 7001(4), of the Federal Rules of Bankruptcy Procedure

2. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(j).

### The Parties

3. Plaintiff, SALVATORE CINQUEGRANI, is an individual and a resident of the States of California and Illinois.

1

4. Defendants, CHRISTOPHER KRUPP ("Defendant Christopher") and JACQUELINE KRUPP ("Defendant Jacqueline") (collectively known as "Defendants"), are residents of the State of Illinois and active Debtors seeking relief under Chapter 7 Bankruptcy.

5. Defendants filed a joint Chapter 7 bankruptcy in the Northern District of Illinois on September 5, 2012 (Case No. 12-35235). Subsequently on September 24, 2012, Defendants filed Amended Schedules D, F, and G.

6. Defendants swore, under oath, to the accuracy and full disclosure of the Petition they filed.

7. Defendants "declare[d] under penalty of perjury that the information provided in this petition is true and correct." (A true and correct copy of the Petition's signature page is attached hereto as Exhibit A.)

8. Defendants violated this oath by falsely accounting for and failing to disclose various financial interests and failing to provide an accurate account for information contained within their Petition.

9. The undisclosed information is material to the Bankruptcy Estate as the information indicates that there may be additional assets available to liquidate in order to satisfy debts to Plaintiff and other creditors.

**COUNT I – False Oaths In Original Schedules Under § 727(a)(4)(A)**

10. Plaintiff realleges and reaffirms paragraphs 1-9 from above as if fully set herein.

11. Defendant Christopher is a business man who either owns, operates, or has interests in multiple businesses registered with the Illinois Secretary of State.

12. Defendant Jacqueline, pursuant to Defendant's Schedules, also has an interest in one or more businesses registered with the Illinois Secretary of State in conjunction with her husband, Defendant Christopher.

13. Defendant Christopher is a sophisticated business man who has owned and operated his own architectural firm for approximately twenty-eight (28) years, known as Krupp Associates Architects, P.C.

14. Section 18 of the Statement of Financial Affairs requires Defendants to "list the names, addresses, taxpayer identification numbers, nature of the businesses, and the beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case . . . ."

15. Section 18 requires Defendants to disclose interests in any businesses or corporations dating back to September 5, 2006.

16. Defendants failed to disclose under Section 18 of the Statement of Financial Affairs a business interest in Krupp CM, Inc. ("Krupp CM"). Krupp CM is an active corporation incorporated on December 19, 2000. (A true and correct copy of a corporation file report is attached hereto as Exhibit B.) Defendant Christopher is listed as the President and Defendant Jacqueline is listed as the Secretary.

17. Defendants only list "Krupp Associates Architects" on their Statement of Financial Affairs and no other business interests within the last six years, as required by the Petition.

18. Defendants have an active interest in Krupp CM and are listed as officers; however, did not disclose said interest in their Petition.

19. By failing to disclose a known interest, Defendants had the intent to deceive Plaintiff and other creditors. In addition, these interests are material to the bankruptcy estate.

WHEREFORE, Plaintiff, SALVATORE CINQUEGRANI, seeks an order of this Court granting the following relief:

   a. Denying the discharge of Defendants, CHRISTOPHER KRUPP and JACQUELINE KRUPP pursuant to the provisions of 11 U.S.C. § 727, including § 727(a)(4)(A);

   b. Awarding all costs and reasonable attorney's fees to Plaintiff; and

   c. Such other and further relief this Honorable Court deems just and equitable.

**COUNT II – False Oaths In Original Schedules Under § 727(a)(4)(A)**

20. Plaintiff realleges and reaffirms paragraphs 1-19 above as if fully set herein.

21. Defendants have multiple business interests outside of Krupp Associates Architects, P.C., the only business disclosed on their Petition.

22. The Statement of Financial Affairs requires Defendants to disclose the interests in any businesses within the last six years preceding the commencement of the case.

23. Within the last six years preceding the bankruptcy, Defendant Christopher had an interest in Prairie Properties of Wheaton, LLC ("Prairie Properties").

24. Prairie Properties is an Illinois limited liability company formed on March 11, 2002 and involuntarily dissolved on September 14, 2012. (A true and correct copy of an LLC file report is attached hereto as Exhibit C.)

25. Defendant Christopher is listed as an LLC Manager for this business.

26. Defendant Christopher had an interest in this company before it dissolved on September 14, 2012 as he filed his Chapter 7 Petition on September 5, 2012.

27. Irrespective of Prairie Properties current dissolution status, Defendants were required to list their interest in Prairie Properties under their Statement of Financial Affairs.

28. Defendant Christopher failed to disclose his interest in Section 18 of the Statement of Financial Affairs.

29. By failing to disclose a known interest, Defendants had the intent to deceive Plaintiff and other creditors; and this interest is also material to the bankruptcy estate.

WHEREFORE, Plaintiff, SALVATORE CINQUEGRANI, seeks an order of this Court granting the following relief:

   a. Denying the discharge of Defendants, CHRISTOPHER KRUPP and JACQUELINE KRUPP pursuant to the provisions of 11 U.S.C. § 727, including § 727(a)(4)(A);

   b. Awarding all costs and reasonable attorney's fees to Plaintiff; and

   c. Such other and further relief this Honorable Court deems just and equitable.

**COUNT III – False Oaths In Original Schedules Under § 727(a)(4)(A)**

30. Plaintiff realleges and reaffirms paragraphs 1-29 from above as if fully set herein.

31. Defendants own multiple properties in Illinois and North Carolina, which includes their primary residence in Winfield, Illinois, a tract of land in North Carolina, and a property in Weaverville, North Carolina.

32. Defendants list on Schedule A an interest in property located at 3 Highland Pointe Court in Weaverville, NC (the "NC Property"). Defendants list the current value of the NC

Property to be $124,000.00, approximately $66,790.00 less than the secured claim of $190,790.00 listed on Schedule A.

33. Upon information and belief, the NC Property is worth more than the amount listed on Schedule A. (A true and correct copy of an estimate of the NC Property is attached hereto as Exhibit D.)

34. Other properties similar to the NC Property and located on the same street are on the market for sale in excess of approximately $220,000. (See Ex. D.)

35. Defendants did not disclose an accurate fair market value of the NC Property and vastly undervalued the NC Property to reflect the property to be worth less than the amount owned on the secured claim.

36. Defendants' blatant attempt to undervalue the NC Property misleads the Trustee and creditors, in which there is potential equity in this asset that could be liquidated and distributed to creditors.

37. By failing to disclose a known interest, Defendants had the intent to deceive Plaintiff and other creditors and said interest is material to the bankruptcy estate.

WHEREFORE, Plaintiff, SALVATORE CINQUEGRANI, seeks an order of this Court granting the following relief:

    a. Denying the discharge of Defendants, CHRISTOPHER KRUPP and JACQUELINE KRUPP pursuant to the provisions of 11 U.S.C. § 727, including § 727(a)(4)(A);

    b. Awarding all costs and reasonable attorney's fees to Plaintiff; and

    c. Such other and further relief this Honorable Court deems just and equitable.

### COUNT IV – False Oaths In Original Schedules Under § 727(a)(4)(A)

38. Plaintiff realleges and reaffirms paragraphs 1-37 from above as if fully set herein.

39. Defendant Christopher engaged in multiple investment opportunities with various individuals, including Plaintiff, which involved multiple properties.

40. Defendant Christopher disclosed an oral partnership with Plaintiff in Section 14 of Schedule B "involving three spec houses".

41. Defendant Christopher entered into three separate written contracts with Plaintiff known as Financing & Development Agreements.  (True and accurate copies of the agreements are attached hereto as Exhibit E.)

42. Defendant Christopher also listed Plaintiff on Schedule B for "Business Debt" in an unknown amount.

43. Defendant Christopher failed to properly and specifically disclose the contracts and for what properties the contracts were for related to agreements bearing Defendant Christopher's signature.

44. Defendant Christopher also acknowledged the existence of the contracts at the § 341 meeting in or about November 2012.

45. By failing to clearly disclose a known interest, Defendants had the intent to deceive Plaintiff and other creditors; and such interest and debt is material to the bankruptcy estate and Plaintiff's interest in the estate.

WHEREFORE, Plaintiff, SALVATORE CINQUEGRANI, seeks an order of this Court granting the following relief:

   a. Denying the discharge of Defendants, CHRISTOPHER KRUPP and JACQUELINE KRUPP pursuant to the provisions of 11 U.S.C. § 727, including § 727(a)(4)(A);

    b. Awarding all costs and reasonable attorney's fees to Plaintiff; and

    c. Such other and further relief this Honorable Court deems just and equitable.

### COUNT V – False Oaths In Original Schedules Under § 727(a)(4)(A)

46. Plaintiff realleges and reaffirms paragraphs 1-45 above as if fully set herein.

47. Schedule E requires the disclosure of creditors holding unsecured priority claims, including deposits by individuals.

48. Upon information and belief, Defendant Christopher currently holds the security deposit for the Perus Family, former renters, for rental property located at 27W524 Washington Avenue in Wheaton, Illinois.

49. Upon information and belief, the security deposit was in an amount approximately between $2,200.00 and $2,400.00.

50. Defendant Christopher checked the box on Schedule E declaring he "has no creditors holding unsecured priority claims to report on this Schedule E."

51. By failing to disclose a known interest, Defendants had the intent to deceive Plaintiff and other creditors and said interest is material to the bankruptcy estate.

52. Plaintiff further avers that based upon the foregoing facts, Defendants' actions are in contravention of the provisions of 11 U.S.C. § 727(a)(4), in which constitutes a denial of discharge in the underlying Chapter 7 proceeding.

WHEREFORE, Plaintiff, SALVATORE CINQUEGRANI, seeks an order of this Court granting the following relief:

    a. Denying the discharge of Defendants, CHRISTOPHER KRUPP and JACQUELINE KRUPP pursuant to the provisions of 11 U.S.C. § 727, including § 727(a)(4)(A);

  b. Awarding all costs and reasonable attorney's fees to Plaintiff; and

  c. Such other and further relief this Honorable Court deems just and equitable.

Dated: January 21, 2013                Respectfully submitted,

                      s/ Russell E. Tanguay, Jr.

Anne I. Shaw (#6230258)
Russell E. Tanguay, Jr. (#6305092)
SHAW LEGAL SERVICES, LTD.
540B W. Briar Place
Chicago, IL 60657
773.549.9500 – phone
773.549.9503 – facsimile